# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADVANCED ARMAMENT CORP., LLC | ) ) ) Civil Action No.: _____ |
| Plaintiff, | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| SILENCERCO, LLC, | ) ) |
| Defendant. | ) |

_____

## COMPLAINT

Through counsel, Plaintiff Advanced Armament Corp., LLC ("AAC") brings this lawsuit against Defendant Silencerco, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. AAC is a Georgia company with a principal place of business in Lawrenceville, Georgia.

2. Upon information and belief, Defendant is incorporated under the laws of the State of Utah, and has a principal place of business in West Valley City, Utah.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*.

4. This Court has jurisdiction over AAC's claims under at least 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant as, upon information and belief, Defendant has engaged in acts of infringement complained of herein in Georgia and in this judicial district, including sales and/or distribution of infringing products to dealers and customers in this judicial district. Further, upon information and belief, Defendant does systematic and continuous business in Georgia and in this judicial district by, among other things, routinely selling and distributing its products in Georgia to Georgia consumers in this judicial district. Further, upon information and belief, Defendant has purposefully advertised, sold and distributed infringing product into the stream of commerce in the United States with the reasonable belief and expectation that such product would periodically flow into Georgia and into this judicial district. Further, Defendant has an interactive website through which it advertises and offers for sale various products, including the infringing products.

6. The United States District Court for the Northern District of Georgia is the appropriate venue for this action, pursuant to at least 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

7. AAC is the owner by assignment of all right, title and interest to United States Patent No. 7,905,170 ("the '170 Patent"), including all rights to bring actions and recover damages for infringement thereof. The '170 Patent issued on March 5, 2011, is entitled "Flash Suppressor," and is directed to an improved flash suppressor and silencer mount. A true and correct copy of the '170 Patent is attached hereto as **Exhibit A**.

8. Defendant is currently making, selling, importing, distributing and/or offering for sale flash hiders, including at least the "Saker Trifecta," the "Specwar 5.56 Trifecta," and the "Specwar 7.62 Trifecta," that infringe at least Claims 1 and/or 9 of the '170 Patent.

## COUNT ONE
### (Infringement of the '170 Patent)

9. AAC incorporates by reference the allegations in the foregoing paragraphs, as if stated fully herein.

10. AAC owns all right, title and interest to the '170 Patent.

11. Defendant has directly infringed and continues to infringe the '170 Patent by making, importing, using, offering for sale, and/or selling flash hiders, including at least the "Saker Trifecta," the "Specwar 5.56 Trifecta," and the "Specwar 7.62 Trifecta," that infringe at least Claims 1 and/or 9 of the '170 Patent, in interstate commerce, without the authorization, consent or permission of AAC.

12. Defendant has knowledge and is aware of the '170 Patent. On June 2, 2013, Defendant cited the '170 Patent in a patent application filed with the World Intellectual Property Organization ("WIPO"), International Patent Application No. PCT/US13/2178. Upon information and belief, Defendant's acts of infringement have thus been willful, undertaken with full knowledge of the '170 Patent and the subject matter claimed therein.

13. Defendant's infringement has caused and will continue to cause irreparable harm to AAC unless Defendant's infringing activities are preliminarily and permanently enjoined by this Court.

14. Defendant's infringement has also caused monetary damages to AAC in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, AAC respectfully seeks the following relief:

1. Judgment in favor of AAC on the claim of patent infringement, including judgment that the '170 Patent has been infringed by Defendant.
2. To the extent discovery confirms that Defendant's infringement has been willful, a judgment ruling that Defendant's infringement has been willful.
3. A preliminary and permanent injunction enjoining and restraining Defendant and its officers, agents, affiliates, servants, and employees, and all persons in active concert or participation with it from:
    a. Infringing the '170 Patent; and
    b. Any importation, manufacture, assembly, advertising, promotion, offer for sell, sell, purchase, distribution, movement or transfer, or any other involvement with products that infringe the '170 Patent.
4. An order that Defendant pay to AAC such damages as AAC has sustained as a consequence of Defendant's infringement, including lost profits or a reasonable royalty.
5. An award of interest, attorneys' fees, costs, and exemplary damages, as applicable.
6. An award of such other and further relief as the Court deems just and proper.

## TRIAL BY JURY IS REQUESTED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AAC requests a trial by jury of any issues so triable.

Respectfully submitted, this 16th day of October, 2013.

>/s/ Preston H. Heard
>D. Scott Sudderth
>Georgia Bar No. 690760
>Preston H. Heard
>Georgia Bar No. 476319
>WOMBLE CARLYLE SANDRIDGE & RICE, LLP
>271 17th Street NW, Suite 2400
>Atlanta, Georgia 30363
>Telephone: (404) 872-7000
>Fax: (404) 888-7490
>
>John F. Morrow, Jr. (*pro hac vice* to be filed)
>WOMBLE CARLYLE SANDRIDGE & RICE, LLP
>One West Fourth Street
>Winston-Salem, NC 27101
>Telephone: (336) 721-3584
>Fax: (336) 733-8429
>
>*Attorneys for Plaintiff Advanced Armament Corp., LLC*